# IN THE COURT OF APPEALS OF IOWA

No. 14-1173
Filed October 28, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY DEAN ROBERTS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Lucy J. Gamon (plea) and Annette J. Scieszinski (sentencing), Judges.

Larry Dean Roberts appeals his conviction for domestic assault, claiming his counsel was ineffective. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Kyle P. Hanson, Assistant Attorneys General, and Rebecca L. Petig, County Attorney, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Pursuant to a plea agreement, Larry Dean Roberts pleaded guilty to domestic abuse assault by impeding the normal breathing of another by applying pressure to the throat or neck and causing bodily injury. *See* Iowa Code § 708.2A(1), (5) (2013) (class "D" felony). Roberts now appeals, claiming defense counsel was ineffective. We preserve his claim for possible postconviction proceedings.

In December 2013 Roberts assaulted his wife, Lora Roberts. Following plea negotiations, Roberts admitted he committed domestic abuse assault against his wife, attempted to strangle his wife by applying pressure to her neck, and caused a bodily injury. The court accepted his plea. At the June 2014 sentencing hearing, both the prosecutor and defense counsel recommended a suspended sentence. Nevertheless, the court sentenced Roberts to five years in prison and ordered the other two counts dismissed pursuant to the plea agreement.

Roberts now claims plea counsel was ineffective and breached a duty by not insisting "on the concurrence of the court to the agreement as a condition of the agreement." Roberts also claims he was prejudiced because he would have received a different sentence if counsel had performed adequately. We review Roberts's claims of ineffective assistance of counsel de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

Roberts claims the record is adequate for this court to resolve his challenge on direct appeal. To establish his claim of ineffective assistance of

counsel, Roberts must show (1) plea counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2008). The State responds the record is incomplete, lacking at a minimum evidence regarding (1) plea counsel's efforts to negotiate a plea agreement, (2) whether plea counsel's efforts included seeking a plea agreement conditioned on the district court's concurrence, and (3) whether the prosecutor offered and would have agreed to a conditioned plea.

"This case illustrates why we rarely address ineffective-assistance claims on direct appeal and instead preserve such claims for postconviction relief." *State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006). As a reviewing court, we must examine the record to analyze whether a reasonably competent attorney would have negotiated Roberts's plea agreement. *See State v. DeCamp*, 622 N.W.2d 290, 296 (Iowa 2001) ("Ineffective assistance of counsel claims presented on direct appeal are typically preserved for postconviction-relief proceedings to allow for a full development of the facts surrounding the conduct of counsel."). Because the record does not contain the facts and circumstances surrounding defense counsel's plea negotiations, we preserve Roberts's claim for a possible postconviction action. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned.").

**AFFIRMED.**