# IN THE COURT OF APPEALS OF IOWA

No. 16-1869
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SERENA PIA POZECK,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Thomas L. Koehler (plea) and Ian K. Thornhill (sentencing), Judges.

A defendant challenges her guilty pleas and sentence, claiming trial counsel rendered ineffective assistance. **AFFIRMED.**

Eric D. Tindal of Keegan and Farnsworth, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Serena Pozeck appeals after pleading guilty to second-degree criminal mischief, a class "D" felony, and assault on a peace officer, an aggravated misdemeanor. The record is inadequate on direct appeal to resolve her claims that counsel provided ineffective assistance; we affirm her convictions and preserve her claims for possible postconviction-relief (PCR) proceedings.

On June 6, 2016, Pozeck used a rock and a golf club to damage a neighbor's property—breaking all the ground-floor windows of the house and all the windows of a minivan—for total damages exceeding $1000. Police arrived and found Pozeck in her own house. According to the minutes of evidence, Pozeck was combative and resisted arrest, trying to kick and spit on the officers. These actions prompted the State to file a three-count trial information, charging Pozeck with felony criminal mischief, assault on a peace officer, and interference with official acts. She reached an agreement with the State to enter pleas of guilty to counts one and two in return for the State's dismissal of the interference count. Now Pozeck appeals her guilty pleas, contending trial counsel rendered ineffective assistance.

We review her claims de novo. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We postpone the resolution of such claims until they can be heard in PCR proceedings unless the parties provide a satisfactory record on direct appeal that allows us to draw a conclusion about the constitutionality of counsel's performance. *Id.* Pozeck must prove both (1) counsel's performance was deficient and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). For guilty pleas, the prejudice element "focuses on whether

counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Pozeck must show a reasonable probability that, but for counsel's errors, she would not have pled guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 135–36 (Iowa 2006).

Pozeck first claims she entered her criminal-mischief plea involuntarily because counsel "ineffectively advised her of the sentencing options available to the court" before she pled guilty. She grounds this claim in counsel's misstatement of a sentencing option at the *sentencing hearing*, contending "there is no reason to believe [counsel] advised Pozeck differently at the time she pled."

Pozeck's claim is not ready for resolution. The record does not reveal what pre-plea sentencing advice was provided by her attorney or how such advice influenced her decision to plead guilty. We believe counsel should have the chance to explain whether his misstatement at sentencing reflects his pre-plea advice. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("[A] lawyer is entitled to his day in court, especially when his professional reputation is impugned."). Accordingly, we preserve this claim for possible PCR proceedings. *See* Iowa Code § 814.7(3) (2016) (stating where ineffective assistance is raised on direct appeal, a court may preserve the claim).

Second, Pozeck contends she "was never advised of the relevant surcharges" before she entered her plea. *See generally* Iowa Code § 911.1(1), (3). Because the record lacks proof Pozeck was prejudiced by counsel's failure to alert the plea court it had not advised Pozeck of the applicable surcharges, we also preserve this challenge for possible PCR proceedings. *See id.*; *State v.*

*Delacy*, No. 16-0827, 2017 WL 1735684, at \*4 (Iowa Ct. App. May 3, 2017) (admitting it is "tempting" to find no reasonable probability defendant would have insisted on going to trial, but concluding "circumstances underlying the prosecution's motivation for the plea offer and the defendant's willingness to go to trial are facts that should be permitted to be more fully developed"), *further review application pending*; *State v. Weitzel*, No. 16-1112, 2017 WL 1735743, at \*6 (Iowa Ct. App. May 3, 2017) (holding plea court does not *substantially comply* with Iowa Rule of Criminal Procedure 2.8(2)(b)(2) when it has not informed defendant of surcharges and assured defendant's understanding), *further review granted July 13, 2017*; *see also State v. Fischer*, 877 N.W.2d 676, 686 n.6 (Iowa 2016) (leaving unresolved whether plea court's failure to disclose and discuss applicable surcharges, standing alone, would show court's failure to *substantially comply* with rule 2.8(2)(b)(2)).

We affirm Pozeck's convictions.

**AFFIRMED.**