# IN THE COURT OF APPEALS OF IOWA

No. 17-0551
Filed December 6, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT DANIEL CHURCH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.

A defendant appeals his conviction asserting his trial counsel provided ineffective assistance. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

Robert Church appeals following his guilty pleas to assault with the intent to commit sexual abuse and possession of marijuana. *See* Iowa Code §§ 124.401(5), 709.11 (2016). He asserts his counsel provided ineffective assistance by permitting him to plead guilty when he had not been informed regarding various consequences of his guilty plea. Specifically, he claims trial counsel misinformed him of the duration of his obligation to register with the sex offender registry, counsel failed to inform him of the special sentence applicable to the assault conviction or that the sentences for both offenses could have been run consecutively, and counsel failed to ensure the written guilty plea form for the possession charge advised him of the penalties for that offense. The State asserts the record is inadequate on direct appeal to address these claims, asking us to preserve them for postconviction relief.

Church acknowledges that no motion in arrest of judgment was filed in this case, so he raises these challenges to his guilty pleas through the lens of ineffective-assistance of counsel. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting a challenge to a guilty plea is not barred "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel"). To prove his ineffective-assistance claim, Church must prove counsel failed to perform an essential duty and the failure resulted in prejudice. *See id.* The prejudice burden requires proof "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* When an ineffective-assistance claim is made on direct appeal, we must first determine whether the record is adequate to address the claim made. *State v.*

*Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). "[M]ost claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one [available on direct appeal]." *Straw*, 709 N.W.2d at 138.

We note several concerning inconsistencies, discrepancies, and omissions in the guilty plea form Church signed that is part of our record on appeal. However, we also note that the order accepting Church's guilty plea states that Church "appeared in person and with counsel." In his "Request for Appeal," Church mentioned that he "walked into the courtroom and pleaded guilty." It thus appears there was an unreported guilty plea hearing involved in this case. Because this record does not contain evidence as to what occurred at that hearing and whether the court or counsel rectified the errors in the guilty plea form at the hearing, we conclude the record on appeal is not adequate to address Church's claims that his trial counsel was ineffective with respect to the guilty plea. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned."). We therefore preserve Church's ineffective-assistance claims for a postconviction proceeding. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If . . . the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

**AFFIRMED.**