**IN THE COURT OF APPEALS OF IOWA**

No. 16-2074
Filed January 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA KOBOLD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary,

Judge.

        Defendant appeals his conviction for sexual abuse in the second degree.

**AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

        Considered by Danilson, C.J., Mullins, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**GOODHUE, Senior Judge.**

Joshua Kobold was convicted of sexual abuse in the second degree after a jury trial and sentenced to twenty-five years in prison with a seventy-percent mandatory minimum. Kobold appeals.

Kobold has based his entire appeal on two claims of ineffective assistance of counsel and has not raised any other issues. Ordinarily, we prefer to preserve claims of ineffective assistance of counsel in order to develop a record, but when the record is adequate, the claims may be determined on a direct appeal. *State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013).

The State, after citing *Null*, has asserted it believes the record is insufficient to resolve the claims of ineffective assistance of counsel that Kobold has made on this direct appeal. The State asserts counsel may have had tactical reasons for not putting forth the claims Kobold asserts constituted ineffective assistance of counsel. "Even a lawyer is entitled to his day in court." *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

The claims of ineffective assistance are reserved for a possible postconviction relief action. No other issues have been raised in this direct appeal.

**AFFIRMED.**