# IN THE COURT OF APPEALS OF IOWA

No. 17-1348
Filed April 18, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GABRIEL DANN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse, Judge.

Gabriel Dann appeals his conviction asserting his trial counsel provided ineffective assistance. **AFFIRMED.**

William R. Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Gabriel Dann appeals his conviction following his guilty plea for forgery, in violation of Iowa Code sections 715A.2(1)(d) and 715A.2(2)(a)(3) (2017). He contends his trial counsel was ineffective for failing to request his plea be conditioned on the court's willingness to accept the plea agreement or a more favorable disposition under Iowa Rule of Criminal Procedure 2.10(3) and for failing to file a motion in arrest of judgment. The State asserts the record is inadequate on direct appeal to address these claims, asking us to preserve them for postconviction relief.

Dann acknowledges no motion in arrest of judgment was filed in this case, so he raises his challenges to the guilty plea through an ineffective-assistance-of-counsel claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting a challenge to a guilty plea is not barred "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel"). To prove his ineffective-assistance claim, Dann must prove counsel failed to perform an essential duty and the failure resulted in prejudice. *See id.* The prejudice burden requires proof "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* When an ineffective-assistance claim is made on direct appeal, we must first determine whether the record is adequate to address the claim made. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). "[M]ost claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one [available on direct appeal]." *Straw*, 709 N.W.2d at 138.

Dann and the State came to a plea agreement that was presented to the court at sentencing. After reviewing the presentence investigation report, the court rejected the plea agreement and sentenced Dann to a term of incarceration rather than suspending the sentence as the parties recommended. Although Dann, his trial counsel, and the State conferred to reach the terms of the plea agreement, we have no record of such correspondence or conversations. Because this record does not contain evidence as to what was discussed during the plea negotiations, including any record on whether Iowa Rule of Criminal Procedure 2.10(3) was available for this plea agreement, we conclude the record on appeal is not adequate to address Dann's claims that his trial counsel was ineffective with respect to the guilty plea. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned."). We therefore preserve Dann's ineffective-assistance claims for a postconviction proceeding. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If . . . the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

**AFFIRMED.**