# IN THE COURT OF APPEALS OF IOWA

No. 17-1788
Filed July 18, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**RONALD LLOYD LAWSON, II,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Lee (South) County, Michael J. Schilling (plea) and John M. Wright (sentencing), Judges.


　　　　Ronald Lawson appeals from his conviction asserting his trial counsel provided ineffective assistance. **AFFIRMED.**


　　　　William R. Monroe of Law Office of William Monroe, Burlington, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


　　　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Ronald Lawson appeals his conviction following his guilty plea for possession of a controlled substance, methamphetamine, third or subsequent offense, in violation of Iowa Code section 124.401(5) (2017). He contends his trial counsel was ineffective for failing to request his plea be conditioned on the court's willingness to accept the plea agreement or a more favorable disposition under Iowa Rule of Criminal Procedure 2.10(3), for failing to object to the use of risk-assessment tools used in the presentence investigation report, and for failing to object to a breach of the plea agreement. The State asserts the record is inadequate on direct appeal to address Lawson's rule 2.10(3) conditioned plea argument, Lawson was not prejudiced by the use of risk-assessment tools, and counsel did not have a duty to object to the prosecutor's communication of the plea agreement. Agreeing with the State, we affirm.

## I.   Ineffective Assistance of Counsel

Lawson concedes no motion in arrest of judgment was filed in this case, so he raises his challenges to the guilty plea through an ineffective-assistance-of-counsel claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting a challenge to a guilty plea is not barred "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel"). To prove his ineffective-assistance claim, Lawson must prove counsel failed to perform an essential duty and the failure resulted in prejudice. *See id.* The prejudice burden requires proof "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* When an ineffective-assistance claim is made on direct appeal, we must first

determine whether the record is adequate to address the claim made. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). "[M]ost claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one [available on direct appeal]." *Straw*, 709 N.W.2d at 138.

## A. Rule 2.10(3)

Lawson and the State presented a plea agreement to the district court at sentencing in which the State recommended suspended sentences. After reviewing the presentence investigation report, the district court rejected the plea agreement and sentenced Lawson to a term of incarceration. There is no record of Lawson's, or his trial counsel's, conversations with the State regarding the plea. Because the record on appeal does not contain evidence regarding what was discussed during plea negotiations, including any record of whether Iowa Rule of Criminal Procedure 2.10(3) would have been acceptable to the State, we conclude the record on appeal is not adequate to address Lawson's claim that his trial counsel was ineffective. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned."). We preserve Lawson's ineffective-assistance claim for postconviction proceedings. *See Johnson*, 784 N.W.2d at 198 ("If . . . the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

## B. Risk-Assessment Tools

Lawson next claims his trial counsel was ineffective for failing to object to the district court's use of the presentence investigation report because it contained

improper risk-assessment tools. We find the record sufficient to address Lawson's claim.

Lawson claims there is no foundation for using scientific tests like the Iowa Risk Revised ("IRR") or the Dynamic Risk Assessment for Offender Re-Entry ("DRAOR") in sentencing and these tests are not reliable in the context of sentencing.[1] However, upon our review of the record, unlike the cases of *Gordon* and *Guise*, there is no evidence the district court relied upon or even considered risk-level scores in announcing Lawson's sentence. Instead, the court focused on Lawson's age, his lengthy criminal history, the nature of his crimes, and his various attempts at rehabilitation. The district court only referenced the recommendation of the Department of Corrections once, noting he was a "supervising problem" when he was arrested, defying instructions and instigating an altercation with another inmate. The district court did not refer to the IRR or the DRAOR and did not use either as an aggravating factor. Accordingly, the district court did not abuse its discretion and Lawson cannot prove he was prejudiced by counsel's failure to object to the PSI. Accordingly, Lawson's claim of ineffective assistance fails.

### C. Breach of Plea Agreement

Lawson's final claim of ineffective assistance is that his trial counsel failed to object to the State's alleged breach of the plea agreement. Specifically, Lawson

---

[1] We recently addressed the issue of a court's use of risk-assessment tools during sentencing. *See State v. Gordon*, No. 17-0395, 2018 WL 2084847, at *9 (Iowa Ct. App. May 2, 2018); *State v. Guise*, No. 17-0589, 2018 WL 2084846, at *4 (Iowa Ct. App. May 2, 2018). In *Gordon* we held that the district court abused its discretion in using such risk-assessment tools as an aggravating factor during sentencing because there was no statutory authority for using such tools. 2018 WL 2084847 at *9. In *Guise*, we held the court abused its discretion because there was no information in the record on the tool's intent, how it was scored, what factors were considered, or how it was applied to the defendant. 2018 WL 2084846 at *4.

contends the prosecutor lacked enthusiasm for recommending a suspended sentence during the sentencing hearing and effectively deviated from the plea agreement. The relevant portion of the sentencing hearing reveals the following recommendation:

> PROSECUTOR: Thank you for correcting me. The domestic was dismissed at costs. The harassment was the plea of guilty for the two year suspended sentence.
>
> So the basis of the State's recommendation for suspended sentences, taking into consideration all the factors that I had available to me, and it was primarily based on the family's request in this matter. The family's request for further substance abuse treatment, which Mr. Lawson did complete. So I've had extensive contact with his family in this matter and I note that he has done well since being released pending sentencing.
>
> So the State would continue in the recommendation for a suspended sentence. However, if the sentence should have to be served, the State is recommending a consecutive sentence to the two year sentence he recently received and the minimum fines.
>
> At the time I made the original offer, I was insisting on a specific term of probation, which included substance abuse and mental health evaluation and recommended treatment. Mr. Lawson's already done that and he's working on that at this time. So those would be the State's recommendations.

"Our precedent makes clear the prosecutor must do more than merely recite the plea recommendation; the prosecutor must indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance." *State v. Lopez*, 872 N.W.2d 159, 179 (Iowa 2015). In addition, the prosecutor cannot act contrary to the purpose of the agreement. "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015).

Here, the prosecutor did not breach the plea agreement. The relevant portion of the plea agreement states, "The State will recommend the suspended sentences in AGIN015372 and FECR009131 to run consecutively *in the event they are to be served*, minimum fine, specific terms of probation and the no contact order issued in AGIN015372 lifted." (emphasis added). The prosecutor expressly advocated for a suspended sentence based on treatment Lawson completed and his successes since being released prior to sentencing. The prosecutor also recommended a consecutive term of imprisonment only in the event the district court decided to not follow the plea agreement. Because the State did not breach the plea agreement, Lawson's counsel had no duty to object to the prosecutor's statements. Thus, Lawson's ineffective-assistance claim fails.

## II.    Conclusion

Because the district court did not rely on risk-assessment tools during sentencing and because the prosecutor did not breach the plea agreement, these ineffective-assistance claims fail, and we affirm. Also, because the record pertaining to the plea negotiations is insufficient, we preserve Lawson's claim regarding rule 2.10(3) for postconviction relief.

**AFFIRMED.**