# IN THE COURT OF APPEALS OF IOWA

No. 18-0675
Filed March 6, 2019

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**TOBY RYAN RICHARDS,**
　　　Defendant-Appellant.

_____

　　　Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge, and Joel W. Barrows, Judge.

　　　Defendant appeals from his conviction and sentence for driving while barred as a habitual offender. **AFFIRMED.**

　　　G. Brian Weiler, Davenport, for appellant.

　　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

　　　Considered by Vogel, C.J., Vaitheswaran, J., and Blane, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Toby Richards appeals from his conviction for driving while barred as a habitual offender in violation of Iowa Code section 321.561 (2017). He asserts his counsel was ineffective for failing to memorialize the terms of his plea agreement on the record. Without a memorialized plea agreement, he claims we cannot assess the terms of the agreement or whether he understood the agreement. He also asserts his counsel failed to adequately explain the plea agreement and allowed the State to violate the plea agreement in sentencing.

"If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing Iowa Code § 814.7(3) (2005)). On this record, we affirm Richards's conviction but preserve his ineffective-assistance claims for possible postconviction relief so a complete record may be developed and to afford trial counsel an opportunity to respond to the claims. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his [or her] day in court, especially when his [or her] professional reputation is impugned.").

**AFFIRMED.**