# IN THE COURT OF APPEALS OF IOWA

No. 18-0680
Filed March 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KELVIN D. WILLFORM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse, Judge.

Defendant appeals his convictions for domestic abuse assault by strangulation causing bodily injury and false imprisonment. **AFFIRMED.**

Steven E. Goodlow, Albia, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Chief Judge.**

Kelvin Willform appeals, following a jury trial, his convictions for domestic abuse assault by strangulation causing bodily injury and false imprisonment in violation of Iowa Code sections 708.1, 708.2A(5), and 710.7 (2017). He asserts his counsel was ineffective for failing to move for a competency hearing under Iowa Code section 812.3. He also asserts his counsel was ineffective for failing to call his parole officer as a witness, which he claims could have provided information as to his living arrangements. He claims such testimony would have provided a viable defense to the domestic abuse assault charge.

"If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing Iowa Code § 814.7(3) (2005)). On this record, we affirm Willform's convictions but preserve his ineffective-assistance claims for possible postconviction relief so a complete record may be developed and to afford trial counsel an opportunity to respond to the claims. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Counsel may, indeed, have had good reason for each step he [or she] took or failed to take.").

**AFFIRMED.**