# IN THE COURT OF APPEALS OF IOWA

No. 18-1259
Filed March 20, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEJONTE ROVARA DAVIS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes (trial) and Joel W. Barrows (sentencing), Judges.

Dejonte Davis appeals his convictions and sentence for intimidation with a dangerous weapon and possession of a firearm by a prohibited person. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, Chief Judge.**

Dejonte Davis appeals his convictions and sentence for intimidation with a dangerous weapon and possession of a firearm by a prohibited person. *See* Iowa Code §§ 708.6, 724.26(1) (2018). He was seventeen years old at the time of the offenses. The court sentenced him to terms of incarceration not to exceed ten years and five years, to run concurrently, on the convictions for intimidation and possession respectively, suspended fines, and imposed fees.

Davis asserts his trial counsel was ineffective for failing to object to evidence he participated in gang activity. We review ineffective-assistance-of-counsel claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing Iowa Code § 814.7(3) (2005)). We acknowledge evidence of gang activity can negatively influence the jury and lead to unfair prejudice. However, on the record before us we affirm Davis's convictions and preserve his ineffective-assistance claim so a complete record may be developed and to afford trial counsel an opportunity to respond to the claims. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Counsel may, indeed, have had good reason for each step he [or she] took or failed to take.").

Davis also asserts the district court abused its discretion by sentencing him without considering all mitigating factors related to his juvenile status. *See State v. Crooks*, 911 N.W.2d 153, 161 (Iowa 2018) ("We review the district court's sentence for an abuse of discretion." (quoting *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016))). The district court must consider certain factors when sentencing juveniles, but it must expressly do so only when imposing a mandatory minimum sentence. *Id.* at 172–73. To the extent Davis argues the district court failed to expressly address all mitigating juvenile factors, the court had no obligation to do so because he was immediately eligible for parole. *See id.* To the extent he argues the court failed to at least consider the mitigating juvenile factors, the sentencing transcript shows the court was clearly aware of his juvenile status before it considered all relevant factors on the record. *See id.* at 173 (stating an abuse of discretion occurs if the "sentencing court fails to consider a relevant factor that should have received significant weight" (quotation omitted)). The court explained: "The reasons for the sentence here are because of the nature of the offense, because of the fact that you committed this offense while on supervision, because of your criminal history, because of your lack of remorse, and in large measure for protection of the community." Because Davis was immediately eligible for parole and the court considered all relevant factors, we find the court did not abuse its discretion in imposing his sentence.

**AFFIRMED.**