# IN THE COURT OF APPEALS OF IOWA

No. 19-1330
Filed April 29, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ROBERT ZWOLANEK,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Mark D. Cleve (trial) and Mark Fowler (sentencing), Judges.

Robert Zwolanek appeals his convictions for domestic abuse assault with strangulation causing bodily injury and domestic abuse assault while using or displaying a weapon, challenging the sufficiency of the evidence supporting the convictions, and raising a claim of ineffective assistance of counsel. **AFFIRMED**.

Lauren M. Phelps, Hudson, Florida, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Following a jury trial, Robert Zwolanek was found guilty of domestic abuse assault with strangulation causing bodily injury[1] and domestic abuse assault while using or displaying a dangerous weapon.[2] After being sentenced to prison on the charges for terms of incarceration not to exceed five years and two years respectively, run concurrently, he appeals. He claims the district court erred by not granting his motion for judgment of acquittal and motion in arrest of judgment challenging the sufficiency of the evidence supporting the charges. He also asserts the district court erred in failing to grant his motion for a new trial, claiming the verdicts were contrary to the weight of the evidence. Finally, he claims his trial counsel was ineffective for failing to ensure the jury was instructed on the definition of family or household members.

**I.      Motions for Judgment of Acquittal and in Arrest of Judgment.**

Zwolanek challenges the denial of his motions for judgment of acquittal and in arrest of judgment, both of which challenged the sufficiency of the evidence

---

[1] An assault occurs when a person, without justification, does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1(2) (2019). "Domestic abuse" is an assault between specified persons, including an assault "between family or household members who resided together at the time of the assault." *See id.* § 236.2(2)(a). Domestic abuse assault with strangulation causing bodily injury is a class "D" felony. *See id.* § 708.2A(5).

[2] Domestic abuse assault while using or displaying a dangerous weapon is an aggravated misdemeanor. *See* Iowa Code § 708.2A(2)(c).

supporting the two charges. Sufficiency-of-evidence claims are reviewed for a correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Id.* (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)). "[W]e will uphold a verdict if substantial record evidence supports it." *Id.* (alteration in original) (quoting *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006)). "We will consider all the evidence presented, not just the inculpatory evidence." *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." *Id.* (alteration in original) (quoting *Nitcher*, 720 N.W.2d at 556)).

The complaining party testified to the encounter, describing Zwolanek choking her and pointing a firearm at her. She also testified Zwolanek lived with her at the time. Much of Zwolanek's brief is devoted to pointing out claimed inconsistencies in the complaining party's testimony and arguing that his evidence was more believable than the State's evidence. These arguments are more suitable for trying to persuade the jury than to challenging the sufficiency of the evidence on appeal. Sorting out claimed inconsistencies, determining credibility of witnesses, and deciding what weight to give conflicting evidence is the function of the jury, not the appellate court. *See State v. Thornton*, 498 N.W.2d 670, 673

(Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive. In fact, the very function of the jury is to sort out the evidence and 'place credibility where it belongs.'" (internal citations omitted)). Furthermore, a review of the record shows that many of the claimed inconsistencies in the complaining party's testimony are not inconsistencies at all or relate to nonessential details. While there is some confusion as to the exact sequence and timing of events, much of which was caused by confusing lines of questioning at trial, the complaining party's testimony regarding the details of the separate assaults was not confusing or inconsistent and was largely corroborated by the recordings of the complaining party's two 911 calls.

When the evidence is viewed in the light most favorable to the State, it could convince a rational jury that Zwolanek was guilty beyond a reasonable doubt. Therefore, the district court properly denied his motions for judgment of acquittal and in arrest of judgment based on challenges to the sufficiency of the evidence.

## II.     Motion for New Trial.

Zwolanek's motion for new trial was based on the claim the verdict returned was contrary to the weight of the evidence.[3] In ruling on a motion for new trial, the power of the court is much broader than in ruling on a motion for judgment of acquittal. *State v. Ellis*, 578 N.W.2d 655, 658 (Iowa 1998). In ruling on a motion

---

[3] Zwolanek's motion for new trial stated that a new trial was requested "for the reason that the verdict returned is contrary to the evidence as a whole, given under improper instruction, and the law provided by the court." His brief only addresses the "contrary to the evidence as a whole" issue, so we will confine ourselves to addressing only that issue. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

for new trial, the court "may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted." *Id.* at 658-59 (quoting 3 Charles A. Wright, *Federal Practice and Procedure* § 553, at 245-48 (2d ed. 1982)). "The motion [for new trial] is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderate heavily against the verdict." *Id.* at 659 (quoting Wright, *Federal Practice and Procedure* § 553, at 245-48). However, it is important to keep in mind that we do not make an independent weight-of-the-evidence determination. Instead, "[o]n a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003); *see also United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) ("The court of appeals . . . *does not* sit as a 'thirteenth juror' to judge the credibility of witnesses. Neither do we reweigh the evidence. Rather, we are limited to examining the evidence produced at trial to determine whether the district court's determination that the evidence does not 'preponderate heavily against the verdict' is a clear and manifest abuse of discretion." (quoting Wright, *Federal Practice and Procedure* § 559)).

Even with the district court's more expansive review of the evidence in ruling on the new trial motion, we determine the district court did not abuse its discretion. Much as he did in arguing in support of his motions for judgment of acquittal and

in arrest of judgment, Zwolanek highlights the ways his evidence conflicted with the State's evidence and claims the complaining party's testimony was "confused, equivocal[,] and in some cases demonstrably untrue." As is common when a case goes to trial, there was conflicting evidence. *See Thornton*, 498 N.W.2d at 673. However, as noted previously, there was little to no confusion or equivocation in the complaining party's description of the details of the actual assaults, and the recordings of the two 911 calls largely corroborate the complaining party's testimony. The district court was present to observe the witnesses and the evidence and rejected Zwolanek's argument that the verdict was contrary to the weight of the evidence by denying his motion for a new trial. We find no abuse of discretion in the district court's denial of the new trial motion.

### III. Ineffective Assistance of Counsel.

During the course of jury deliberations, the district court brought to the attention of the parties the fact that the court had inadvertently failed to include a jury instruction defining "family or household members." When questioned as to what, if anything, they wanted to do to address this issue, counsel for both parties stated they did not think it was an issue or that any prejudice would result, with Zwolanek's counsel specifically stating "the defendant feels that his case is not prejudiced without having that instruction in front of the jury." As a result, the district court took no further action with regard to this issue. On appeal, Zwolanek claims his trial counsel was ineffective in failing to request an instruction defining "family or household members."

Since no objection to the jury instructions as given was made and Zwolanek did not request an instruction that was not given, error was not preserved. *See*

*State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006) (noting timely objection to jury instructions in criminal proceedings is necessary to preserve alleged error for appellate review). However, ineffective-assistance-of-counsel claims are an exception to the general rules of error preservation. *State v. Kellogg*, 263 N.W.2d 539, 543 (Iowa 1978).

We do not address Zwolanek's ineffective-assistance-of-counsel claim on this direct appeal for two reasons. First, Iowa Code section 814.7 was amended, effective July 1, 2019, to require ineffective-assistance-of-counsel claims to be determined by postconviction-relief proceedings and prohibit such claims being decided on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). In *State v. Macke*, the supreme court held the amendment to section 814.7 applied prospectively only, so it did not apply to "cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019); *see also State v. Ross*, ___ N.W.2d ___, ___, 2020 WL 1651698, at *2 (Iowa 2020) ("We may decide [ineffective-assistance-of-counsel] claims on direct appeal *if the appeal was already pending on July 1, 2019 . . . .*" (emphasis added)). While this case was pending on July 1, 2019, the sentence was imposed and notice of appeal was filed after that date, and *Macke* does not prevent application of the provisions of amended section 814.7. *See* 933 N.W.2d at 235. Based on the amended provisions of section 814.7, the ineffective-assistance-of-counsel claim cannot be heard on direct appeal.

Second, even if *Macke* applied to make the amendments to section 814.7 inapplicable to this case, we still decline to address the ineffective-assistance-of-counsel claim on direct appeal. Ordinarily, ineffective-assistance-of-counsel

claims are preserved for postconviction-relief proceedings. *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). "We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge." *Id.* (quoting *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006)). "This is especially appropriate when the challenged actions concern trial strategy or tactics counsel could explain if a record were fully developed to address those issues." *Id.* "We will resolve [ineffective-assistance-of-counsel] claims on direct appeal only when the record is adequate." *Id.* (citation omitted). In this case, defense counsel's failure to request a jury instruction defining "family or household members" involved the exercise of trial strategy. Defense counsel should be given the opportunity to explain the strategy and defend against the claim that counsel was ineffective by preserving this issue for postconviction-relief proceedings. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his [or her] day in court . . . .").

## IV. Conclusion.

Finding sufficient evidence to support the guilty verdicts and no abuse of discretion in the district court's denial of Zwolanek's motion for a new trial, we affirm the convictions. We do not consider his ineffective-assistance-of-counsel claim on direct appeal.

**AFFIRMED.**