# IN THE COURT OF APPEALS OF IOWA

No. 19-0320
Filed June 3, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DAWARN LAMAR MONCRIEF,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse,

Judge.

       The defendant appeals his convictions and raises ineffective-assistance-of-

counsel claims. **AFFIRMED.**

       Shawn C. McCullough of Powell & McCullough, PLC, Coralville, for

appellant.

       Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

       Considered by Tabor, P.J., May, J., and Blane, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**BLANE, Senior Judge.**

Dawarn Lamar Moncrief appeals his convictions for possession with intent to deliver methamphetamine, possession of contraband, and failure to possess a tax stamp. His appeal is based solely on a claim of ineffective assistance of his trial counsel for failing to take pre-trial depositions of the State's witnesses and failure to sufficiently cross-examine the State's witnesses at trial. Because we find the record inadequate to address these ineffective-assistance-of-counsel claims on direct appeal, we preserve them for possible postconviction-relief proceedings and affirm the convictions.

I.      Factual and procedural background.

On August 30, 2018, following a traffic stop, police searched a vehicle and found four individual, tied-off plastic baggies containing a total of thirty-seven grams of methamphetamine. The smaller bags were in a larger plastic bag within a paper sack under the front passenger seat of the stopped vehicle. Moncrief was in the rear passenger seat. In the front passenger seat was Casandra Lewis. Lewis testified for the State at trial that Moncrief attempted to pass her the plastic bag containing the methamphetamine as officers stopped the vehicle. When she refused, he hid the bag in a paper sack under her seat. While patting down Moncrief, an officer found a weighing scale in his pants pocket that had methamphetamine residue on it. When Moncrief was searched while being booked into the jail, an officer discovered a plastic baggie containing methamphetamine in Moncrief's rectum.

On September 11, the State filed a trial information charging Moncrief with count I: possession of a controlled substance with intent to deliver,

methamphetamine more than five grams, in violation of Iowa Code section 124.401(1)(b)(7) (2018); count II: possession of contraband, in violation of Iowa Code section 719.7(3)(a) and 719.7(4)(b); and count III: failure to affix tax stamp, in violation of Iowa Code section 453B.12. A jury trial was held on November 27 and 28, 2018, and Moncrief was convicted on all three counts. On February 19, 2019, Moncrief was sentenced to twenty-five years for Count I, five years for Count II, and five years for Count III, with each sentence run concurrently. Moncrief appeals.

II. Discussion.

Because a claim counsel was ineffective implicates the constitutional right to counsel, we review such claims de novo. *State v. Ary*, 877 N.W.2d 686, 704 (Iowa 2016) (citing *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012)). We resolve a claim of ineffective assistance of counsel on direct appeal only when the record is adequate. *Clay*, 824 N.W.2d. at 494.

Moncrief claims his trial counsel was constitutionally ineffective[1] because his attorney failed to take depositions before trial even though, as he now claims, he had requested counsel depose witnesses, particularly Lewis. To prevail on a claim of ineffective assistance of counsel, Moncrief must show counsel failed to perform an essential duty and prejudice resulted. *See id.* at 495 (describing the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). When the

---

[1] Our legislature recently amended Iowa Code section 814.7 to prohibit appeals courts from addressing claims of ineffective assistance on direct appeal. *See* 2019 Iowa Acts ch. 140 § 31. But in *State v. Macke*, our supreme court determined this amendment applies only prospectively and does not apply to cases that were pending appeal on July 1, 2019, as this case was. 933 N.W.2d 226, 228 (Iowa 2019).

record is inadequate to review the claim on direct appeal, we do not reach the issue but allow the defendant to raise it in a separate postconviction-relief action. *State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011).

Failure of defense counsel to depose State witnesses is not per se ineffective assistance. A defense attorney may conclude that depositions are unnecessary for a number of reasons, including "the element of surprise at trial." *See Schnieder v. State*, No. 17-1361, 2019 WL 141008, at *2 (Iowa Ct. App. Jan. 9, 2019). Further, Moncrief's allegation in his brief that he requested his trial attorney to depose the State witnesses is not supported in the record before us. Based on the current record, we cannot determine if Moncrief made the request or whether counsel had a reasonable justification for not taking depositions.

Moncrief further argues that if his counsel had deposed Lewis, this would have provided necessary information to more fully cross-examine her and also line up witnesses to impeach her testimony, thereby casting doubt on her credibility. At a minimum, the defendant's counsel deserves a chance to explain any perceived deficiencies in his performance. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). Without further development of the record, we again are unable to say that Moncrief's attorney was ineffective in his cross-examination.

The second prong Moncrief must establish is that trial counsel's ineffective assistance resulted in prejudice—that there was a reasonable probability of a different outcome. Upon our review, we again find the record is inadequately developed to allow such a determination in this appeal. We affirm Moncrief's convictions and preserve the ineffective-assistance-of-counsel issues for

postconviction relief to allow full development of the record.  *See State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019).

**AFFIRMED.**