# IN THE COURT OF APPEALS OF IOWA

No. 24-0145
Filed August 6, 2025

**MATTHIAS MARCEL BOYD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

A postconviction-relief applicant appeals the district court's order dismissing his application on the State's motion to dismiss. **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

A woman obtained a domestic-abuse protective order against Matthias Boyd that prohibited him from having contact with her. The woman later filed applications seeking to hold Boyd in contempt for violating the order. Following a hearing, the court determined that Boyd violated the protective order by "40 discrete and individual acts of contempt." The court held Boyd in contempt of court, imposed a sentence for each act of contempt, and ordered the sentences to be served consecutively, resulting in a total jail term of 370 days.

Boyd filed this postconviction relief (PCR) action to challenge the contempt findings. The State filed a motion to dismiss, arguing that PCR was not available for contempt sanctions. Boyd resisted the motion. The PCR court granted the State's motion and dismissed Boyd's application. The court concluded that, because Boyd was found in contempt of court and not guilty of a crime, he is not a "person who has been convicted of, or sentenced for, a public offense," as required by Iowa Code section 822.2(1) (2023). As a result, the court concluded Boyd could not pursue PCR proceedings to challenge the contempt findings.

Boyd appeals. He contends his PCR trial counsel was ineffective for failing to argue that he was entitled to PCR because article I, section 10 of the Iowa Constitution guarantees the right to effective counsel in civil contempt proceedings. Boyd concedes he did not preserve error on this issue by raising it with the PCR court, but he contends he was not required to do so because PCR trial counsel cannot be expected to raise a claim of counsel's own ineffectiveness.

Even in PCR cases, issues must be both raised and decided by the district court before we can decide them on appeal. *Lamasters v. State*, 821 N.W.2d 856,

862 (Iowa 2012). There is an exception to this error-preservation rule when the appealing PCR applicant alleges the applicant's PCR trial counsel was ineffective. *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018). But that exception does not apply if "the record on appeal is inadequate to address the new claim of ineffective assistance of postconviction counsel." *Id.*

The State argues the record is inadequate to address Boyd's claim of ineffective PCR trial counsel here, so the exception in *Goode* does not apply. The State points out that, even though the issue Boyd seeks to address on appeal involves a legal question, he is still required to prove that (1) PCR trial counsel breached an essential duty by failing to raise the issue to the PCR court; and (2) if PCR trial counsel had raised it, there is a reasonable probability that it would have resulted in a successful PCR action.

We find the record inadequate to address Boyd's claim. The record does not tell us whether Boyd's PCR trial counsel considered raising the issue Boyd raises on appeal or whether counsel declined to do so as a reasonable judgment based on existing law. Counsel should be given the opportunity to explain before being labeled ineffective. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned."). Boyd failed to preserve error on his claim.

We also note that, even had Boyd preserved his claim, his claim fails on the merits. Boyd is challenging a contempt sanction, and a contempt action cannot be challenged in a PCR action because a person subjected to a contempt sanction is not a "person who has been convicted of, or sentenced for, a public offense" as required by Iowa Code section 822.2(1)(a). *See McDonald v. State*, No. 20-0908,

2022 WL 470360, at *2–3 (Iowa Ct. App. Feb. 16, 2022) (finding a PCR action cannot be used to challenge a finding of contempt); *Jaeger v. Dubuque Cnty.*, No. 06-0738, 2007 WL 750559, at *3 (Iowa Ct. App. Mar. 14, 2007).

Because Boyd failed to preserve error on the issue he raises, and because PCR is not available to challenge a contempt finding, we affirm.

**AFFIRMED.**