**IN THE COURT OF APPEALS OF IOWA**

No. 17-1606
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ASHLEY RATHJEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, David N. May, Judge.


        Ashley Rathjen appeals her convictions for possession of a controlled substance with intent to deliver.  **AFFIRMED.**


        Blake D. Lubinus of Lubinus Law Firm, PLLC, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Ashley Rathjen appeals her convictions for two counts of possession of a controlled substance (methamphetamine) with intent to deliver, as a subsequent offender. She argues her counsel was ineffective for allowing her to plead guilty after denial of her motion to dismiss and for failing to file a motion in arrest of judgment to preserve her challenge to her guilty plea. We find the record inadequate to address her claims. Therefore, we affirm her convictions and preserve her claims for possible postconviciton proceedings.

On February 9, 2016, the State filed a trial information charging Rathjen in case number FECR291675 with multiple offenses, including possession of a controlled substance with intent to deliver. According to the minutes of evidence, on or about December 31, 2015, officers with the Des Moines Police Department found approximately thirty-six grams of methamphetamine and related paraphernalia inside Rathjen's home. Following her arrest, she agreed to cooperate with law enforcement on pending investigations. On July 22, 2016, she signed a "Memorandum of Understanding" with the State setting the terms of her cooperation. Also on July 22, she signed a waiver of her rights to speedy trial and an admission that she possessed methamphetamine with the intent to deliver on December 31, 2015. Case number FECR291675 was subsequently dismissed.[1]

Rathjen failed to comply with the cooperation agreement. On October 26, 2016, the State filed a trial information for case number FECR299016 charging

---

[1] The record before us does not include many documents from case number FECR291675, including a motion to dismiss or dismissal order. However, Rathjen's motion to dismiss for case number FECR299018 states, "FECR291675 was dismissed 'in the interest of justice' on July 22, 2016."

Rathjen with multiple offenses, including possession of a controlled substance with intent to deliver. According to the minutes of evidence, on or about September 19, 2016, law enforcement officers searched Rathjen's vehicle as part of her ongoing cooperation and found a crystalline substance that tested positive for methamphetamine. Officers then searched her home and found several narcotics and related paraphernalia. They subsequently arrested her and terminated her cooperation agreement. On October 26, the State filed a trial information in case number FECR299018, charging her again with possession of a controlled substance with intent to deliver and other offenses related to her arrest on December 31, 2015. On November 3, she was arraigned on both FECR299016 and FECR299018.

On December 1, 2016, Rathjen filed a motion captioned "Waiver of Speedy Trial" for case numbers FECR299016 and FECR299018. This motion states, in its entirety, "Defendant hereby waives her constitutional and statutory right to a speedy trial with respect to the public offense(s) charged in this action." On July 13, 2017, she filed a motion to dismiss the charges in FECR299018, arguing the charges dated back to her earlier arraignment for case number FECR291675 and therefore violated her one-year right to a speedy trial.[2] On July 21, the court denied her motion to dismiss and ruled on other pending motions.

On Friday, July 28, 2017, Rathjen pled guilty to the two counts of possession of a controlled substance with intent to deliver in case numbers

---

[2] Rathjen's arraignment for case number FECR291675 is not in the record. Her motion to dismiss states arraignment occurred on February 22, 2016. However, her counsel in a hearing on the motion to dismiss, and the State in its brief to us, states arraignment occurred on February 12.

FECR299016 and FECR299018. However, at Rathjen's request, the court did not make final acceptance of her plea at the time. On Monday, July 31, the court held a hearing to accept her plea, during which she said she no longer wanted to plead guilty.[3] The court accepted her plea despite her statement, noting it had "previously found that Defendant was acting voluntarily in pleading guilty and that she fully understood the rights and consequences of her plea and there was a factual basis for the plea." On September 12, the court sentenced her to terms of incarceration of thirty years for case number FECR299016 and twenty-five years for case number FECR299018, the sentences to run consecutively. During the sentencing hearing, Rathjen said she was "in shock" during the July 31 hearing, she needed several days to be "able to look at it, admit it, and accept it," and she now accepted she "was helping drug dealers."

Rathjen now appeals. She argues her counsel was ineffective for allowing her to plead guilty after the court's denial of her motion to dismiss. She also argues her guilty plea was not made knowingly and voluntarily, and her counsel was ineffective for failing to file a motion in arrest of judgment to preserve her challenge to her guilty plea.

We review ineffective-assistance-of-counsel claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2012). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to

---

[3] Rathjen's counsel verbally moved to withdraw during the July 31, 2017 hearing, telling the court Rathjen did not believe she was "ethically represented." Counsel withdrew the motion before adjournment of the hearing. On February 23, 2018, after Rathjen filed her notice of appeal, her counsel filed—and the court granted—a motion to withdraw, which noted Rathjen's ineffective-assistance claim on appeal.

perform an essential duty; and (2) prejudice resulted." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The defendant must satisfy both prongs to prevail. *Id.*

> Of course, if a defendant wishes to have an ineffective-assistance claim resolved on direct appeal, the defendant will be required to establish an adequate record to allow the appellate court to address the issue. If the defendant requests that the court decide the claim on direct appeal, it is for the court to determine whether the record is adequate and, if so, to resolve the claim. If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.

*State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) ("Only in rare cases will the trial record alone be sufficient to resolve the [ineffective-assistance] claim on direct appeal."); *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006) ("[M]ost claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one now before us.").

Rathjen argues her counsel was ineffective for allowing her to plead guilty after the court's denial of her motion to dismiss.[4] *See* Iowa R. Crim. P. 2.33(2)(c) ("All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause."). She also argues her counsel was ineffective for failing to file a motion in arrest of judgment to preserve a challenge to her guilty

---

[4] During the July 28, 2017 hearing, Rathjen's counsel erroneously advised her that the entry of a guilty plea would not preclude the right to appeal from the denial of the motion to dismiss. This advice was clearly wrong. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."). Her appellate counsel suggests this misadvice may have "induced" Rathjen to plead guilty. Although counsel's advice was clearly wrong, the record on appeal is incomplete to resolve the issue.

plea. *See* Iowa R. Crim. P. 2.8(2)(b) (prohibiting the court from accepting "a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis"). On our review of the record, we find Rathjen has not presented an adequate record to decide either issue. In addition to the information from case number FECR291675 that is not part of the record before us, we are unable to determine if her counsel's actions in the cases at issue were part of a larger strategy to accept the plea agreement. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992) ("Improvident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel."); *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) *(*"Even a lawyer is entitled to his day in court . . . ."). Therefore, we affirm her convictions and preserve her claims for potential postconviction proceedings.

**AFFIRMED.**