# IN THE COURT OF APPEALS OF IOWA

No. 18-0075
Filed February 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON SEBASTIAN REED,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        Defendant appeals his convictions and sentence for one count of indecent

contact with a child and two counts of sexual abuse in the third degree.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


        Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Chief Judge.**

Brandon Reed appeals his convictions and sentence for one count of indecent contact with a child and two counts of third-degree sexual abuse. He asserts the jury's guilty verdicts were not supported by sufficient evidence. Additionally, he raises multiple ineffective-assistance-of-counsel claims. We find sufficient evidence supports the verdicts and counsel was not ineffective on one claim, and we preserve the remaining ineffective-assistance-of-counsel claims for possible postconviction relief.

## I. Background Facts and Proceedings

On June 22, 2017, L.H., thirteen years old, visited Bettendorf for a wrestling camp. L.H. and three friends went to a pet store where L.H. first encountered Reed. Reed walked by L.H. and pinched the tip of L.H.'s penis over his clothes. L.H. testified at first he thought it was an accident, but Reed walked past L.H. again and rubbed the back of his hand against L.H.'s buttock. Then Reed, for a third time, walked past L.H. and pinched his penis again. L.H. told his friends, and eventually the teenagers left the pet store.

Believing Reed left the area, the teenagers went to a fast-food restaurant next to the pet store, and L.H. went into the bathroom. Reed soon entered the bathroom, approached L.H., and touched L.H.'s penis. L.H. rushed out of the bathroom and reported the incident to an employee. The manager of the restaurant confronted Reed in the bathroom, told him to leave, and reported the incident to law enforcement. The manager testified it appeared Reed had an erection.

On July 27, a police officer stopped Reed after running his license plate number and finding an outstanding warrant for a sex offense. Reed consented to a search of his vehicle. The officer discovered various items in the search, including cartoon-themed bed sheets functioning as the driver's seat cover, stuffed animals buckled up in the back seat, a "kid's painting" in the rear window that was visible from the outside, and a cartoon-themed backpack filled with condoms, lotion, hand warmers, lubricant, hand sanitizer, snacks, and other miscellaneous items.

Reed was charged with two counts of sexual abuse in the third degree and one count of indecent contact with a child. In a November 10 motion in limine, Reed requested all items found in his car be excluded, asserting such items were not relevant. The district disagreed and allowed the evidence be admitted. A trial was held from November 13 to 15, and the jury returned guilty verdicts on all three counts. Reed appeals.

## II. Standard of Review

"We review sufficiency-of-the-evidence claims for correction of errors at law. We uphold a verdict if substantial evidence supports it." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005) (internal citations omitted). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Biddle,* 652 N.W.2d 191, 197 (Iowa 2002). "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.*

In addition, "[a] claim of ineffective assistance of counsel requires a de novo review because the claim is derived from the Sixth Amendment of the United States Constitution." *Bowman v. State*, 710 N.W.2d 200, 204 (Iowa 2006). "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing Iowa Code § 814.7(3) (2005)).

## III. Sufficiency of the Evidence

Reed argues insufficient evidence exists to support the guilty verdicts, because he "contends the evidence does not support a finding that he committed a sex act on L.H. nor did he commit the act with the specific intent to arouse or satisfy the sexual desires of Reed or L.H." The State asserts it offered sufficient evidence to support all three convictions. "A sufficiency-of-evidence claim on appeal not only requires us to review all the relevant evidence, but also the governing law. Ultimately, we must apply the law to the evidence to determine if the evidence is sufficient to support the conviction." *State v. Keeton*, 710 N.W.2d 531, 532 (Iowa 2006).

### A. Third-Degree Sexual Abuse

With regards to the third-degree sexual abuse verdicts, the jury was instructed the State must prove "the defendant performed a sex act with L.H.," and "the defendant performed the sex act while L.H. was under the age of 14 years old." The jury was instructed the definition of "sex act" refers to any sexual contact:

> Between specified body parts (or substitutes) and must be *sexual* in nature.
> 1. By penetration of the penis into the vagina or anus.

2. Between the mouth of one person and the genitals of another.

3. Between the genitals of one person and the genitals or anus of another.

4. Between the finger or hand of one person and the genitals or anus of another person.

5. By a person's use of an artificial sex organ or a substitute for a sexual organ in contact with the genitals or anus of another.

Skin to skin contact is not required in order to meet the definition of sex act.

*See also* Iowa Code § 702.17 (2017). The instruction also provided various factors the jury could use to determine if the contact was sexual in nature, including "whether the contact was made to arouse or satisfy the sexual desires" of Reed or L.H.; the relationship between the two; "the length of the contact"; "the purposefulness of the contact"; "whether there was a legitimate, nonsexual purpose for the contact"; the time and place of the contact; and the conduct of Reed and L.H. before and after the contact.

At trial, L.H. testified Reed used his fingers to pinch the tip of his penis over his clothes twice in the pet store. L.H. also testified Reed approached him in the fast-food restaurant's bathroom and Reed used his fingers again to touch the tip of L.H.'s penis. In addition to this testimony, the State offered evidence from the pet store's surveillance cameras that showed Reed walking past L.H. multiple times. The manager of the fast-food restaurant also testified about L.H. reporting the contact as well as the manager's encounter with Reed in the bathroom. Additionally, the manager testified it appeared Reed had an erection when she confronted him, which was shortly after L.H. reported the contact. Finally, Reed told a police officer in an interview that he was flirting with L.H. and believed L.H. was reciprocating. We find this evidence, viewed in a light most favorable to the

State, is sufficient for a jury to conclude Reed performed a sex act—sexual contact that was sexual in nature. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) ("Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.").

### B. Indecent Contact with a Child

Next, Reed argues there is insufficient evidence to prove he committed the contact "with the specific intent to arouse or satisfy the sexual desires" of himself or L.H. In order to find Reed guilty of indecent contact with a child, the jury needed to find the State proved four elements: (1) Reed "with or without the child's consent, touched the clothing covering the immediate area of the buttock or anus of L.H."; (2) Reed "did so with the specific intent to arouse or satisfy the sexual desires of [himself] or L.H."; (3) Reed was over the age of eighteen; and (4) L.H. was younger than fourteen years at the time of the incident.

As previously stated, Reed touched L.H.'s penis two times and touched his buttock once at the pet store. Reed entered a restaurant bathroom and again touched L.H.'s penis. After the bathroom incident, the manager of the restaurant observed that Reed had an erection. Viewing the evidence in a light most favorable to the State, there is sufficient evidence for a jury to conclude Reed committed indecent contact with a child. *See Biddle*, 652 N.W.2d at 197.

### IV. Ineffective Assistance of Counsel

Should we find any of Reed's claims unpreserved, Reed urges us to find his counsel was ineffective. To prevail on each of his ineffective-assistance-of-counsel claims, Reed must show counsel failed to perform an essential duty and

such failure resulted in prejudice. *Straw*, 709 N.W.2d at 133 (citing *Strickland v. Washington*, 466 U.S. 668, 987–88 (1984)). Both must be proven by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "To establish the first prong, the [claimant] must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* For the second prong, "[p]rejudice exists where the claimant proves by 'a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008) (quoting *Bowman*, 710 N.W.2d at 203).

## A. Weight of the Evidence

Within Reed's sufficiency-of-the-evidence argument, he briefly asserts his counsel was ineffective because if counsel had filed a motion for a new trial, the district court would have granted it.[1] The State argues there is considerable evidence to prove Reed is guilty of each charge and urges our court to reject Reed's claim. Because it is a function of the district court to make a weight-of-the-evidence determination, we preserve this issue for possible postconviction relief, "where a full evidentiary hearing may be had and where counsel will have an opportunity to respond to defendant's charges." *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

---

[1] Reed also argues the weight of the evidence does not support the jury's verdicts. However, since Reed's counsel failed to make this argument at trial and did not move for a new trial, Reed must bring an ineffective-assistance-of-counsel claim. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015) ("In a criminal case, an ineffective-assistance-of-counsel claim 'need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes.'" (quoting Iowa Code § 814.7(1))); *State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) ("Ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules.").

**B. Subsequent Bad Acts Evidence—Preservation of Error**

Reed next argues the district court improperly admitted subsequent-bad-acts evidence only to "infuriate" the jury. At the hearing on his motion in limine, Reed's counsel only objected to the evidence on the basis of relevancy and did not verbalize "bad acts." Nonetheless, we acknowledge counsel referred the district court to "bad-acts" case law and explained how the jury could be swayed to find Reed guilty on inferences when presented with the many suspicious items later found in Reed's car. The district court, however, in ruling on counsel's motion, based its ruling on "relevancy" and not on bad acts. On appeal, Reed circles back to his assertion the items found in Reed's car should have been excluded as evidence of "bad acts."

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Moreover, "[w]hen a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* Because the district court did not directly rule on a "bad-acts" objection and Reed's counsel did not attempt to clarify either his objection or the court's ruling, we find this issue was not properly preserved.[2] *See id*; *see also* Iowa R. Evid. 5.401, 5.403, 5.404(b). Alternatively, Reed asserts his counsel was ineffective for failing to make a proper objection. *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) ("Ineffective-assistance-of-counsel claims are not

---

[2] Reed does not appeal on the basis of relevancy, the basis of the district court's ruling.

bound by traditional error-preservation rules."). We preserve this issue for possible postconviction relief. *See Coil*, 264 N.W.2d at 296 ("Even a lawyer is entitled to his [or her] day in court, especially when his [or her] professional reputation is impugned.").

### C. Limiting Instruction

Next, Reed asserts his counsel failed to request a limiting instruction for the jury's use of the evidence admitted from his vehicle and was therefore ineffective. He argues a limiting instruction could have restricted Reed's prejudice derived from the alleged subsequent-bad-acts evidence. The State argues Reed cannot prove prejudice. Again, we preserve this issue for possible postconviction relief. *See id.*

### D. Jury Instruction

Reed finally argues his counsel was ineffective by failing to object to a jury instruction that incorrectly allowed the jury to consider Reed's out-of-court statements as if they were made at trial. Reed asserts "the authority for the directive that the jury consider the defendant's statements just as if they had been made at trial is unclear. The directive is unsupported by both the text of the Rule and the rationale and history of the hearsay exception." The challenged instruction states, "Evidence has been offered to show that the defendant made statements at an earlier time and place. If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial."

As Reed notes in his brief, our court has consistently held, in numerous unpublished opinions, the failure to object to this instruction does not amount to a

breach of an essential duty.[3] Finding no reason to depart from these prior cases, we conclude Reed's counsel did not breach an essential duty by failing to object to this instruction.

## V. Conclusion

We conclude sufficient evidence supports all the verdicts, and counsel was not ineffective by failing to object to a jury instruction allowing the jury to consider out-of-court statements made by Reed as if they were made at trial. Additionally, we preserve the other three issues of ineffective assistance of counsel for possible postconviction relief.

**AFFIRMED.**

---

[3] *See, e.g., State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018) (collecting cases where counsel was not ineffective by failing to object to an instruction that informed the jury it could consider a defendant's out-of-court statements "just as if they had been made at trial" and finding the instruction to be proper); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *5 (Iowa Ct. App. June 20, 2018) ("Although the challenged instructional language does not appear in [Iowa Rule of Evidence] 5.801(d)(2), we believe it is a correct statement of the law."); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018) (finding counsel was not ineffective and noting "[t]his court recently held [the] instruction correctly states the law and giving the instruction was not in error"); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *9 (Iowa Ct. App. Mar. 7, 2018) ("The instruction did not direct the jury to assign the statement any particular weight or unduly emphasize the matter, nor did it create an improper permissive inference or presumption."); *State v. Wynn*, No. 16-2150, 2018 WL 769272, at *2–3 (Iowa Ct. App. Feb. 7, 2018) (concluding the instruction "makes no reference to a presumption or an inference"); *State v. Wineinger*, No. 16-1471, 2017 WL 6027727, at *3 (Iowa Ct. App. Nov. 22, 2017) (concluding the instruction was "a correct statement of law"); *State v. Tucker*, No. 13-1790, 2015 WL 405970, at *3 (Iowa Ct. App. Jan. 28, 2015) (stating "[t]he instruction is taken verbatim from a model instruction" and is not misleading).